IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATIONAL INTERSTATE INSURANCE )
COMPANY,                       )
                               )
                Plaintiff,     )
                               )
     v.                        )          1:11CV1074
                               )
MORGAN & SONS WEEKEND TOURS,   )
INC., CHARLES ALBERT MORGAN,   )
and JAMES PATRICK LOGAN,       )
                               )
                               )
                Defendants.    )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

     This matter is before this court on the Motion to Amend
Order to Certify an Immediate Appeal pursuant to
28 U.S.C. § 1292(b)(Doc. 84) filed by Plaintiff National
Interstate Insurance Company ("Plaintiff") requesting the court
to certify its February 8, 2016 Memorandum Opinion and Order for
interlocutory appeal. Defendant James Patrick Logan ("Defendant
Logan") has filed a response in opposition to Plaintiff's motion
(Doc. 87), and Plaintiff has not filed a reply. Plaintiff's
motion is thus ripe for adjudication. For the reasons stated
fully below, Plaintiff's motion for certification will be
denied.

## I. BACKGROUND

This is a declaratory judgment action arising out of a coverage dispute over an insurance policy issued by Plaintiff to Defendant Morgan & Sons Weekend Tours, Inc. ("Defendant Morgan & Sons"). Motions for summary judgment were filed by both Plaintiff and Defendant Logan, and on January 13, 2014, this court adopted the Recommendation of the Magistrate Judge denying cross-motions for summary judgment and ordered that a stay be entered pending resolution liability issues in a related state court proceeding. (See Order (Doc. 67).) The decision of the North Carolina Court of Appeals, holding that Morgan & Sons Weekend Tours was not liable for the accident under a theory of respondeat superior, became final when the North Carolina Supreme Court denied discretionary review. (See N.C. Court of Appeals Opinion (Doc. 71-2); N.C. Supreme Court decision (Doc. 71-3).) Plaintiff then moved to lift the stay and for reconsideration of this court's denial of summary judgment. (Docs. 70, 72.) After lifting the stay, this court entered an order granting in part and denying in part Plaintiff's motion for reconsideration of summary judgment, granting both reconsideration of and summary judgment in favor of Plaintiff as to the issues of coverage under section II.A.1. paragraph (a),

- 2 -

and section II.A.1 paragraph b, symbol 9 of the insurance
contract.  (See Feb. 8, 2016 Order (Doc. 79) at 5-8.).  However,
this court denied reconsideration of summary judgment as to the
issue of coverage under section II.A.1. paragraph (b), symbol 8
of the insurance contract.  (Id.)  Plaintiff has now moved to
certify the partial denial of reconsideration for immediate
appeal.

## II.  **LEGAL STANDARD**

28 U.S.C. § 1292 allows for the interlocutory appeal of
orders prior to final judgement. Specifically, 28 U.S.C.
§ 1292(b) states that:

> When a district judge, in making in a civil
> action an order not otherwise appealable under this
> section, shall be of the opinion that such order
> involves a controlling question of law as to which
> there is substantial ground for difference of opinion
> and that an immediate appeal from the order may
> materially advance the ultimate termination of the
> litigation, he shall so state in writing in such
> order.

28 U.S.C. § 1292(b). An interlocutory appeal pursuant to
§ 1292(b) is appropriate in limited circumstances:

> The purpose of § 1292(b) is to allow for an early
> appeal of an order when appellate-level resolution of
> issues addressed by that order may provide more
> efficient disposition of the litigation. Section
> 1292(b), however, was not intended to allow
> interlocutory appeal in ordinary suits. Nor was it
> intended as a vehicle to provide early review of
> difficult rulings in hard cases. Rather, it is limited

- 3 -

> to extraordinary cases where early appellate review
> might avoid protracted and expensive litigation.

North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F.

Supp. 849, 851-52 (E.D.N.C. 1995) (internal citations and

quotations omitted). Section 1292(b) "should be used sparingly

and thus [] its requirements must be strictly construed." Myles

v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989).

## III. **ANALYSIS**

"[C]ertification by a district court that an interlocutory

order turned on a controlling question of law does not require

[the court of appeals] to grant leave to appeal. The immediate

appeal of a certified question is an extraordinary remedy, which

may be granted or denied at the sole discretion of the court of

appeals." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL

42583, at *2 (4th Cir. Apr. 26, 1989) (unpublished) (internal

quotations omitted). Defendant has the burden of showing this

court that the issue requiring immediate appeal: (1) involves a

question of controlling law (2) as to which there is substantial

ground for difference of opinion and (3) that an immediate

appeal from the order may materially advance the ultimate

termination of the litigation. 28 U.S.C. § 1292(b).

### A. Question of Controlling Law

An issue is one of "controlling law" when it is a "narrow, dispositive question of pure law." KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 82 (E.D. Va. 2000). "A question of law is generally considered to be controlling within the meaning of § 1292(b) if the action would have been terminated had the district court ruled the opposite way." City of Charleston, S.C. v. Hotels.com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (internal quotation omitted). Here, Plaintiff apparently mistakes the issue that this court actually addressed in the order it seeks to appeal. Plaintiff contends that "the issue to be considered on appeal is whether Summary Judgment in favor of National Insurance should have been granted on the question of whether the Cadillac was a Covered Auto under Symbol 8 of the Insurance Policy." (See Pl.'s Br. in Supp. of Mot. to Certify Immediate Appeal (Doc. 85) at 5-6.) However, this court never reached the merits of that issue, but rather denied Plaintiff's motion for reconsideration of that issue. (See Feb. 8, 2016 Order (Doc. 79) at 5-8.) A grant or denial of a motion for reconsideration is made at this court's discretion. Saint Annes Dev. Co. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011). As such, the only appealable issue is that denial of

reconsideration, as there was no ruling on the merits of summary judgment.

Here, the action would not have been terminated had this court granted reconsideration. Rather, the action only would have terminated had this court granted reconsideration and then granted summary judgment in Plaintiff's favor as to the final issue, a crucial step that this court did not make. As such, the denial of reconsideration is not an issue of controlling law. See City of Charleston, S.C., 586 F. Supp. 2d at 542.

### B. **Substantial Ground for Difference of Opinion**

"[A]n interlocutory appeal will lie only if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law." KPMG Peat Marwick, 250 B.R. at 82-83 (quoting McDaniel v. Mehfoud, 708 F. Supp. 754, 756 (E.D. Va. 1989) (denying certification and noting that "[t]he only apparent difference in opinion defendants demonstrate is between their counsel and the Order of this Court. Counsel's disagreement with the Court is simply not reason enough to grant an interlocutory appeal")).

As noted above, a denial of reconsideration is made at this court's discretion. Defendant points to no law that would

- 6 -

remove discretion from this court in granting or denying a motion to reconsider. This court finds that Plaintiff has presented no substantial ground for a difference of opinion other than counsel's disagreement with this court's order, which is not enough to justify an immediate appeal.

### C.   Materially Advance the Ultimate Termination of the Litigation

An issue will materially advance the termination of litigation "when resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." See Clark Constr. Grp., Inc. v. Allglass Sys., Inc., No. Civ.A. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005); see also 16 Charles Alan Wright, et al., Federal Practice and Procedure § 3930 (3d ed. 2015).

In a timeline similar to that in the present action, the Eastern District of Virginia found that an interlocutory appeal would not materially advance the litigation:

> [A]n interlocutory appeal will simply add unnecessary delay and cost to the resolution of the remaining issues in this case. Finally, the final pretrial conference in this matter has been set for April 20, 2006, and the bench trial for May 15, 2006. Thus, it is likely that this case will be fully litigated in the district court before the conclusion of any interlocutory appeal. And importantly, the full factual record developed at trial will greatly enhance the ultimate review of all the issues in the Court of Appeals.

- 7 -

Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 910 (E.D.
Va. 2005). Similarly here, a mediator has been selected by the
parties, and the case is set for trial on July 11, 2016.
Although Plaintiff claims certification of appeal will
facilitate a resolution of this case, this court finds that,
considering the rapidly approaching trial and the general rule
that decisions that "are but steps toward final judgments on the
merits . . . can be effectively and more efficiently reviewed
together in one appeal from the final judgments," James v.
Jacobson, 6 F.3d 233, 237 (4th Cir. 1993), it will not
materially advance the litigation to certify interlocutory
appeal.

IV.   **CONCLUSION**

        For the reasons stated above, this court finds that
Plaintiff has failed to show a controlling issue of law, a
substantial ground for a difference of opinion, or that
certification of appeal will materially advance the litigation.

        **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend
Order to Certify an Immediate Appeal pursuant to 28 U.S.C.
§ 1292(b) (Doc. 84) is **DENIED.**

This the 28th day of March, 2016.

                                 United States District Judge